REQUESTED BY: Avery L. Gurnsey, Rock County Attorney, Bassett, Nebraska
Does the board of trustees appointed under the provisions of Neb.Rev.Stat. § 23-343, et seq (Reissue 1977) have the exclusive authority to close the hospital for which it was appointed or is the county board of commissioners the final authority?
The county board of commissioners must make the determination whether or not to close the hospital.
As you have pointed out in your letter, the board of trustees of the hospital, who are appointed by the county board of commissioners, are given broad powers to operate the hospital under § 23-343.03, et seq. Section 23-343.03
(Supp. 1981) specifically gives the board of trustees exclusive control of expenditures of all money collected to the credit of the fund of the hospital, and exclusive control over improvements or additions to the hospital and equipment, subject to ratification by the county board and within certain value limitations. The board of trustees is also given power to pay current bills, claims, and salaries.
It will noted that all of the powers given to the board of trustees specifically relate to the conduct of a going hospital. Nothing is stated concerning the authority of the board of trustees to close the hospital or what is to be done in the event of closing.
By recent amendment to said section the power of the board of trustees was enlarged as follows:
 (1) To expend hospital operating funds for the reimbursement of the reasonable expenses of persons interviewed or retained for employment or medical staff appointment, and (2) all powers and authority granted to the boards of nonprofit corporations under Chapter 21, article 19, except to the extent that those powers are inconsistent with Chapter 23, article 3, or are specifically prohibited by law.
The powers of boards of nonprofit corporations under Chapter 21, article 19, mentioned in the above amendment, have no authority which could be construed as comparable to the board of trustees closing a county hospital. The nearest comparable power of a board of a nonprofit corporation is contained in § 21-1944 authorizing such a corporation to dissolve and wind up its affairs. Under this section members of the corporation having voting rights, if any, are entitled to a vote on the question of dissolution. If there are no members having voting rights, the board of directors may make the decision. We do not think this section can be construed to give the board of trustees of a county hospital the power to dissolve the hospital. Even if the situations were comparable, the proposition would have to be submitted to the voters of the county under the scheme of the nonprofit corporation statute.
As mentioned earlier, all of the authority given the board of trustees relates to operating a going hospital and we find no authority authorizing them to close the hospital under § 23-343, et seq., or under Chapter 21, article 19, which is not inconsistent with Chapter 23, article 3.
On the other hand, Neb.Rev.Stat. § 23-104 (Reissue 1977) states as to county powers as follows:
 Each county shall have power (1) to purchase and hold the real and personal estate necessary for the use of the county; . . . (4) to sell, convey, exchange, or lease any real or personal estate owned by the county in such manner and upon such terms and conditions as may be deemed in the best interest of the county; . . . (6) to make all contracts and to do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers; . . .
Neb.Rev.Stat. § 23-106 (Supp. 1980) specifically provides: `(1) The county board shall manage the county funds and county business except as otherwise specifically provided.'
A previous Attorney General's opinion, citing an earlier opinion, stated in regard to county hospitals as follows:
 In an opinion of this office dated January 10, 1957, Report of the Attorney General, 1957-58, p. 17, we said:
 `From a consideration of the various sections of the statutes pertaining to the members of the board of trustees of a county community hospital, it is apparent that this is a function of county government.'
Report of the Attorney General, 1971-1972, No. 11, p. 23.
We think, in the absence of any specific authority in the hospital board of trustees to close the hospital, the general authority given the county board to manage the county business should control.
We therefore are of the opinion that the question of closing the county hospital has been left to the power of the county acting through the county board of commissioners who should make the ultimate decision.
Respectfully submitted,
PAUL L. DOUGLAS Attorney General
Mel Kammerlohr Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General